# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
July 20, 2012 Session

## MICHAEL STEVISON v. STATE OF TENNESSEE

**Appeal from the Claims Commission of the State of Tennessee**
**No. 20110666    William O. Shults, Commissioner**

_____

**No. E2011-02695-COA-R3-CV - Filed July 20, 2012**

_____

Michael Stevison ("the Claimant"), an inmate in the custody of the Department of Correction, filed a breach of contract claim against the State of Tennessee. His claim was assigned to the small claims docket of the Claims Commission. The State filed a "Motion to Dismiss and/or Motion for Summary Judgment," both of which were granted by the Commission. The Claimant filed a notice of appeal seeking to appeal the adverse decision to this Court. The State filed a motion to dismiss the appeal based upon its argument that the relevant statutory scheme prohibits appeals from decisions on claims "appearing on the small claims docket." Since we have no jurisdiction to hear this appeal, it is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

CHARLES D. SUSANO, JR., D. MICHAEL SWINEY, AND JOHN W. MCCLARTY, JJ.

Michael Stevison, Mountain City, Tennessee, appellant, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter, and Lee Pope, Assistant Attorney General, Civil Rights and Claims Division, Nashville, Tennessee, for the appellee, State of Tennessee.

## MEMORANDUM OPINION[1]

_____

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

In granting the State's motions, the Commission stated the bases of its judgment:

> Accordingly, the State's Motion to Dismiss is **GRANTED** since Claimant did not have a contract with the State and thus, the Commission does not have jurisdiction over the claim pursuant to Tennessee Code Annotated, Section 9-8-307(a)(1)(L).
>
> Summary judgment in favor of the State is **GRANTED** since Mr. Stevison did not have a contract with the State and because [Department of Correction] regulations make it clear that Claimant is to receive only the higher of the two wage rates payable during his participation in a joint work/study program at [Northeast Correctional Complex] - here the Seven and 25/100 Dollars ($7.25) per hour earned in the Anderson plant. This being the case, there is no materially disputed fact over the issue of whether or not Mr. Stevison has been properly paid.

(Bold print and capitalization in original.) The Claimant seeks to appeal the Commission's judgment to this Court.

Tenn. Code Ann. § 9-8-403 (Supp. 2011) provides that "[t]he commission shall maintain two (2) separate dockets," *i.e.*, a "regular docket" and a "small claims docket." *See* subsections (a)(1) and (a)(2). The statute further provides that the small claims docket "consist[s] of claims satisfying the monetary limit applicable to the general sessions court of Davidson County." *Id*. at (a)(2). The Claimant's claim seeks "0.17¢ hourly pay" for an unspecified number of hours and $500 for "the [State's] illegal actions of knowingly breaching a written contract." The Claimant does not challenge the placing of his claim on the small claims docket.

The aforesaid Tenn. Code Ann. § 9-8-403, in subsection (a)(2), further provides that "[n]o appeal may be taken from a commissioner's decision regarding claims appearing on the small claims docket." This Court has applied this statutory provision on a number of occasions. ***Steelman v. State of Tennessee***, No. M2006-00706-COA-R3-CV, 2007 WL 2379927 (Tenn. Ct. App. 2007); ***Wiley v. State of Tennessee***, No. 01A01-9605-CH-00241, 1996 WL 526712 (Tenn. Ct. App. 1996); ***Simpson v. State of Tennessee***, No. 01A01-9011-BC-00431, 1991 WL 135010 (Tenn. Ct. App. 1991).

This Court is without jurisdiction to entertain this appeal. Accordingly, it is dismissed with costs on appeal taxed to Michael Stevison.

PER CURIAM